IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40249
_____


IN THE MATTER OF:    WILLIAM CHRISTOPHER REID
                     AND JULIE CHRISTINE REID, Debtors.

WILLIAM CHRISTOPHER REID, ET AL.,

                                                    Appellants,

                              versus

MICHAEL GROSS,

                                                    Appellee.
_____

Appeal from the United States District Court for the
Eastern District of Texas
(1:94-CV-538)
_____
December 11, 1995
Before JOLLY, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[*]

    The holding of the district court, In re Reid, 179 B.R. 504
(E.D. Tex. 1995), affirming the decision of the bankruptcy judge,
is affirmed.  We attach the district court's opinion as Appendix A.
Having reviewed the record, studied the briefs, and listened to the
arguments of the parties, we are not convinced that the district
court committed reversible error.  We write briefly today only to
emphasize that In re Foster, 670 F.2d 478 (5th Cir. 1982), stands

    [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

clearly for the principle that the bankruptcy court has broad discretion in determining whether a debtor may act as disbursing agent in place of the trustee, thereby avoiding the Chapter 13 trustee's fees. Foster, 670 F.2d at 486. Although Foster recognizes that the debtor should have flexibility in formulating Chapter 13 plans, id., we find no error in the bankruptcy court's rejection of the proposed, amended plan, which, in this instance, included a modification of First Bank and Trust's original loan to the debtors. The judgment of the district court is therefore

A F F I R M E D.